IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RAPHAEL DONNELL**                                                                                   **PETITIONER**

**V.**                                                          **CIVIL ACTION NO. 3:23CV63 HTW-LGI**

**WARDEN WALTER VEREEN**                                                              **RESPONDENT**

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Raphael Donnell filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while incarcerated at the Federal Correctional Complex ("FCC") in Yazoo City, Mississippi. Donnell challenges the Bureau of Prison's ("BOP") calculation of his sentence under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194-249 (2018) ("FSA"). He specifically seeks an order directing his immediate release into a residential reentry center or home confinement. Respondent initially contended that the petition should be dismissed for failure to exhaust administrative remedies, or alternatively on the merits. Respondents now move to dismiss the petition as moot following Petitioner's release from custody.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citation omitted). The "case or controversy" requirement subsists throughout the case during all stages, and a case becomes moot if it no longer presents a case or controversy. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citing *Lewis*, 494 U.S. at 477-78). Generally, any set of circumstances eliminating the controversy after the lawsuit is filed renders the

case moot. *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006). Given the evidence as stated, the undersigned submits that this case no longer presents a live case or controversy, and Respondent's motion to dismiss the instant petition as moot should be granted for the reasons asserted here.

Although Petitioner was in custody when he filed the petition, he has not made the requisite showing since his release from custody, nor has he disputed Respondent's assertion that the relief sought has been granted, rendering his claim moot. Consequently, he has not shown that his petition presents a concrete and continuing injury for this Court to retain jurisdiction.

The instant petition also faces dismissal for failure to comply with the Local Rules requirement to maintain a current address with the Court. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (explaining that, under Rule 41 of the Federal Rules of Civil Procedure, a district court possesses inherent authority to dismiss an action for failure to prosecute or for failure to comply with a court order) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Even if a plaintiff is *pro se*, or incarcerated, he still has an obligation to inform the Court of any address changes. "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." *See* Local Rule 11(a); *Wade v. Farmers Ins. Grp.*, 45 F. App'x 323 (5th Cir. 2002) (on appeal from district court's denial of a motion for reconsideration of dismissal for failure to prosecute—even incarcerated litigants must inform the court of address changes).

Given Petitioner's failure to demonstrate a continuing injury since his release, his failure to maintain a current address with the clerk of the court, and the apparent mootness of his claim, the undersigned recommends that the instant petition be dismissed for the reasons stated here.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation will bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on March 29, 2024.

s/ LaKeysha Greer Isaac  
UNITED STATES MAGISTRATE JUDGE